**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted December 8, 2009*
Decided December 10, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 09-2494 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| AGWU NWOKE,<br> *Plaintiff-Appellant*, | |
| *v.* | |
| VILLAGE OF BOLINGBROOK, ILLINOIS,<br> *Defendant-Appellee*. | No. 09 C 2764<br>Charles P. Kocoras, *Judge*. |

**Order**

After receiving a ticket for running a red light, Agwu Nwoke filed this suit in federal court under 42 U.S.C. §1983. He accuses the Village of Bolingbrook of malicious prosecution on the theory that its police force issues tickets to raise revenue rather than to enforce the traffic laws.

The district court dismissed the suit in a curt order that does not provide reasons, and thus violates Circuit Rule 50. The suit may have been dismissed for failure to prosecute (Nwoke failed to appear at a scheduled hearing) or on the merits; if the latter, the district court's reasons for thinking the complaint defective were not stated. But there would be no point to a remand, because the complaint is incurably deficient. There is no federal-law claim for malicious prosecution, if state law provides remedies for that tort (as Illinois does). See *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). Other potential problems with Nwoke's theory need not be explored.

AFFIRMED

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).